FAINER, P. J.
I concur.
There are no real disputes as to the physical facts presented by the evidence at the suppression hearing. The issue in this case is whether the defendant had a reasonable expectation of privacy while standing in his front yard which was enclosed by a see-through chain-link fence with an unlocked gate.
This issue as to whether an area of defendant’s reasonable expectation of privacy was invaded is a conclusion of law. (Krause, Cal. Search and Seizure Practice (Cont.Ed.Bar 1977) Motion to Return or Suppress, § 2.87.) Our function as a reviewing court is to make an independent judgment on legal conclusions to be drawn from the facts. (People *Supp. 17 v. Lawler (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621]; People v. Lovelace (1981) 116 Cal.App.3d 541, 548 [172 Cal.Rptr. 65].) “The basic test to be applied in determining the nature of the right of privacy in cases such as the present one has been consistently stated as whether the person has exhibited a subjective expectation of privacy which is objectively reasonable and, if so, whether that expectation has been violated by unreasonable governmental intrusion. (People v. Bradley (1969) 1 Cal:3d 80, 84 [81 Cal.Rptr. 457, 460 P.2d 129]; People v. St. Amour (1980) 104 Cal.App.3d 886, 891 [163 Cal.Rptr. 187]; Burkholder v. Superior Court (1979) 96 Cal.App.3d 421, 425 [158 Cal.Rptr. 86]; Jacobs v. Superior Court (1973) 36 Cal.App.3d 489, 493-494 [111 Cal.Rptr. 449].) This test of reasonableness is dependent upon the totality of facts and circumstances involved in the context of each case. (Id., at p. 494.) When contraband is plainly visible from a vantage point where law officers have a right to be, there can be no search in the constitutional sense. (See Lorenzana v. Superior Court (1973) 9 Cal.3d 626, 634 [108 Cal.Rptr. 585, 511 P.2d 33]; Burk-holder v. Superior Court, supra, 96 Cal.App.3d at p. 425.)” (People v. Lovelace, supra, 116 Cal.App.3d 541, 548.)
The undisputed facts demonstrate the defendant had exhibited no subjective expectation of privacy in the area of his front yard which was objectively reasonable. Nothing was done to shield the front yard from public view or to advise or notify the public that they could not enter the front yard through the unlocked gate.- The totality of the facts and the circumstances in the case at bar compels me, in the exercise of my independent judgment, to conclude that there was no unlawful government intrusion into defendant’s front yard. (See Phelan v. Superior Court (1979) 90 Cal.App.3d 1005, 1011 [153 Cal.Rptr. 739].) In my opinion, the People have satisfactorily shown that defendant had no reasonable expectation of privacy and the order of the trial court in granting the suppression motion must be reversed.